Elaine F. Harwell (Bar No. 242551)
E-mail: elaine.harwell@procopio.com
Diane M. Racicot (Bar No. 149145)
E-mail: diane.racicot@procopio.com
David W. Gouzoules (Bar No. 321328)
E-mail: david.gouzoules@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Plaintiff
Crestview Clinical Laboratory, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESTVIEW CLINICAL LABORATORY, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Department of Health and Human Services; XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. Health Resources and Services Administration; CAROLE JOHNSON, in her official capacity as Administrator of the U.S. Health Resources and Services Administration.<br><br>Defendants. | Case No. 8:23-cv-1913<br><br>**COMPLAINT FOR: MANDAMUS RELIEF; VIOLATION OF ADMINISTRATIVE PROCEDURES ACT; VIOLATION OF DUE PROCESS; DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Crestview Clinical Laboratory, LLC, a California Limited Liability Company ("Plaintiff" or "Crestview") brings this action against the United States Department of Health and Human Services ("HHS"), Xavier Becerra, in his official capacity as Secretary of HHS, the United States Health Resources and Services Administration ("HRSA"), and Carole Johnson, in her official capacity as the Administrator of HRSA, based on agency action to delay a COVID-19 Uninsured Program assessment ("Assessment"), prevent Crestview's submission of certain COVID-19 testing claims prior to the Claims Cut-Off Date, and improperly withhold

payments earned by, and due and owing to, Crestview for COVID-19 testing services furnished to America's most impoverished and vulnerable populations during the COVID-19 pandemic in violation of the U.S. Constitution.

This action seeks the following relief:

A. A writ of mandamus directing Defendants to immediately (a) issue the unreasonably delayed Assessment findings; (b) release and pay Crestview the $64 million in COVID-19 Uninsured Program payments ("COVID-19 Uninsured Program Payments") that they have unjustly recouped and/or withheld for over 18 months; and (c) accept and adjudicate the UnitedHealth Approved Claims submitted prior to the Claims Cut-Off Date.

B. A judicial declaration compelling Defendants to immediately (a) issue the unreasonably delayed Assessment findings; (b) release and pay Crestview the COVID-19 Uninsured Program Payments for services rendered and claims timely submitted prior to Claims Cut-Off Date (defined herein)' and (c) accept and adjudicate the UnitedHealth Approved Claims submitted prior to the Claims Cut-Off Date in accordance with the Administrative Procedures Act, 5 USC § 706(1)).

C. A judicial declaration compelling Defendants to immediately (a) release and pay Crestview the COVID-19 Uninsured Program Payments for services rendered and claims timely submitted prior to Claims Cut-Off Date; and (b) accept and adjudicate the UnitedHealth Approved Claims submitted prior to the Claims Cut-Off Date that Defendants have withheld without any legal basis to do so and without providing Crestview with notice and any opportunity to object contrary to its Constitutional rights in accordance with the Administrative Procedures Act, 5 USC § 706(2)(B)).

D. A judicial declaration that, by withholding Crestview's COVID-19 Uninsured Program Payments for claims that were timely submitted and prior to HRSA's Claims Cut-Off Date and by failing to adjudicate and pay

Crestview for the UnitedHealth Approved Claims submitted prior to the Claims Cut-Off Date. without any legal basis for doing so, notice to Crestview, or opportunity to object, Defendants' actions were in excess of statutory jurisdiction, authority, or limitations or short of a statutory right in accordance with 5 USC § 706(2)(C)).

E. A judicial declaration that Defendants' retention of Crestview's COVID-19 Uninsured Program Payments has caused a vital health care provider, its owners and employees, extreme financial hardship without due process of law in violation of the U.S. Constitution and, as such, Defendants shall immediately release and pay Crestview the COVID-19 Uninsured Program Payments that it has unjustly recouped and/or withheld for over 18 months and immediately adjudicate and pay the United Health Approved Claims.

F. A preliminary and permanent injunction requiring Defendants to immediately release and pay Crestview, the COVID-19 Uninsured Program Payments that it has unjustly recouped and/or withheld for over 18 months.

## INTRODUCTION

1. In 2020, the World faced the unprecedented COVID-19 pandemic. The new cases and deaths attributed to COVID-19 multiplied rapidly reaching more than 100 million reported cases and more than 2.5 million deaths a year later. COVID-19 became the third leading cause of death in the United States in 2020 and 2021.

2. The United States Centers for Disease Control and Prevention ("CDC") and National Institute for Health ("NIH") made it clear that all of our Nation's citizens could assist in reducing the spread of COVID-19 by, among other public health efforts, wearing masks, washing/sanitizing hands, maintaining physical distance and isolating when exposed to COVID-19. These actions alone, however, were not enough to stop the COVID-19 spread – testing was necessary to identify those exposed (often without symptoms) so they could isolate and reduce the spread and in order to provide earlier treatment that could reduce the risk of severe illness and death.

3. In 2020, NIH posted an article emphasizing that efforts to develop COVID-19 testing and make that testing available on a nationwide basis would help prevent the spread of COVID-19 and save lives. (NIH Leadership "*Why COVID-19 Testing is the Key to Getting Back to Normal*" (September 4, 2020).) NIH emphasized low-income racial and ethnic minorities and other vulnerable populations were disproportionately impacted by the COVID-19 pandemic and had the highest rates of infection, most complications and bad outcomes. In order to effectively implement the testing strategy, the federal government established programs that would remove the significant financial barriers to testing faced by the Nation's most vulnerable populations.

4. During the COVID-19 pandemic, our Nation's health care providers and first responders put their lives on the line to develop COVID-19 testing and vaccines, to administer those tests and vaccines and to treat those infected with COVID-19. In the face of shut downs, social distancing and quarantines, laboratory collection and testing personnel continued their work to help stop the spread of this deadly virus despite their continuing exposure to COVID-19.

5. Indeed, at the height of the pandemic, government officials called upon laboratories to step up their coronavirus testing efforts to increase capacity and ensure that every American would have access to testing. In response to this call, Crestview made substantial monetary investments to purchase high-throughput PCR testing systems. The new PCR testing systems with high automation allowed Crestview to significantly increase its testing capacity and ultimately provide support to the government's effort to return communities to work and school.

6. Against the accelerating national COVID-19 crisis, the federal government established and funded the HRSA COVID-19 Uninsured Program. Defendants represented that the HRSA COVID-19 Uninsured Program would reimburse providers (who elected to participate in it) for providing COVID-19 testing, treatment and vaccine administration.

7. Crestview is a CLIA-certified laboratory that provided COVID-19 testing services during the pandemic, including to those individuals covered by the HRSA COVID-19 Uninsured Program. Notwithstanding Crestview's timely and documented testing services, Defendants have continued to withhold Crestview's COVID-19 Uninsured Program Payments due and owing to Crestview without providing any notice or opportunity to dispute such action.

## JURISDICTION, VENUE AND STANDARD OF REVIEW

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action arises under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706.

9. This Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the APA, 5 U.S.C. § 702.

10. Venue is proper in this District pursuant to 28 U.S.C. 1391(e) because Plaintiff's primary place of business is located in this District and a substantial part of the events giving rise to the claims occurred in this District.

11. HRSA has not provided any Assessment findings to Crestview nor has it identified any administrative appeal process, leaving Crestview without its right to due process. Even assuming, for the sake of argument, HRSA asserts an administrative appeal process for COVID-19 Uninsured Program assessment, exhaustion of administrative remedies is not applicable to the claims asserted in this action. In this case, requiring Crestview to continue with HRSA's Assessment "process" would unduly prejudice Crestview's rights. Crestview is not required to pursue administrative remedies where it has an interest in immediate judicial review.

## PARTIES

12. Plaintiff, Crestview is, and was at all times relevant hereto, a limited liability company, organized and existing under the laws of the State of California with its principal place of business in Irvine, California.

///

5

13. HHS is a department of the United States and oversees the activities of HRSA. Defendant Xavier Becerra (the "Secretary") is the Secretary HHS and, as such, is responsible for the administration of HHS and the programs established by the Social Security Act. The Secretary is sued solely in his official capacity.

14. Defendant HRSA is the organizational component within HHS charged with the administration of the COVID-19 Uninsured Program.

15. Defendant Carole Johnson is the Administrator of HRSA. The Administrator is sued solely in her official capacity.

16. Defendants HHS and HRSA are "agencies" under the APA, 5 U.S.C. § 551(1).

## BACKGROUND

**A. Crestview's Participation in HRSA's COVID-19 Uninsured Program.**

17. As part the Families First Coronavirus Response Act, the Paycheck Protection Program and Health Care Enhancement Act, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, and the Coronavirus Response and Relief Supplemental Appropriations Act (CRRSA), HHS established the COVID-19 Uninsured Program to provide claims reimbursement to eligible health care providers for testing uninsured individuals for COVID-19, treating uninsured individuals with a COVID-19 primary diagnosis, and for COVID-19 vaccine administration for the period commencing February 4, 2020.

18. UnitedHealth Group ("UnitedHealth") was designated as the COVID-19 Uninsured Program administrator responsible for processing and paying claims. Provider payments were facilitated through Optum Pay ACH ("Optum"). Following implementation of the HRSA COVID-19 Uninsured Program, HRSA and UnitedHealth presented a provider and facility-focused "HRSA COVID-19 Claims Reimbursement" Training Program emphasizing "Your Role is Critical."

19. COVID-19 testing services included specimen collection, diagnostic and antibody testing and testing-related visits in certain provider settings. Laboratories

were required to verify the patient had no health care insurance coverage, accept the COVID-19 Uninsured Program reimbursement as payment in full, agree not to balance bill the patient and agree to HRSA's "Terms and Conditions."

20. On or about September 21, 2020, Crestview registered with the COVID-19 Uninsured Program to receive payments for the provision of COVID-19 testing services to the uninsured. Crestview participated in the COVID-19 Program from November 20, 2020 through March 22, 2022.

21. During this time, Crestview had over 70 employees and contracted workers who dedicated hundreds of thousands of hours to the COVID-19 Uninsured Program testing process during the pandemic.

**B. HRSA's Claim Submission Deadline and Unrelated Reversal of and Retention of Crestview's COVID-19 Uninsured Program Payments.**

22. In January 2022, without notice, explanation or opportunity to dispute Defendants' actions, HRSA reversed several deposits to Crestview's bank accounts amounting to almost $3.5 million.

23. Commencing in January 2022, UnitedHealth/Optum ceased making payments to Crestview for services already rendered and billed. On information and belief, UnitedHealth/Optum ceased making payments to Crestview under the COVID-19 Uninsured Program at the direction of HRSA and/or HHS.

24. Defendants' actions resulted in the retention of approximately $64 million which is due and owing to Crestview for COVID-19 Uninsured Program testing services that were completed and submitted prior to the HRSA COVID-19 Uninsured Program Claims Cut-Off Date (defined below).

25. On or about March 15, 2022, HRSA announced that the COVID-19 Uninsured Program would stop accepting claims related to testing and treatment at 11:59 p.m. on March 22, 2022 ("Claims Cut-Off Date") and for vaccines on April 5, 2022, as it had exhausted its funding.

/ / /

26.     On March 17, 2022, prior to the Claims Cut-Off Date, Crestview attempted to submit approximately $5 million in additional claims that had been approved by UnitedHealth to the COVID-19 Uninsured Program ("UnitedHealth Approved Claims"). Crestview properly submitted the claims and received reference numbers, however, through no fault of Crestview, the online claims portal did not process the claims submissions to completion.

27.     HRSA did not provide any notice, explanation or legal support for its failure to adjudicate and pay Crestview for the UnitedHealth Approved Claims.

C.  **HRSA's COVID-19 Uninsured Program Assessment**.

28.     In a letter dated April 20, 2022 from Stephanie Sowalsky, CPA, HRSA notified Crestview that it was selected for a "HRSA COVID-19 Uninsured Program Assessment" to assess compliance with the Terms & Conditions and other legal requirements (the "Assessment Letter").

29.     The Assessment Letter requested the submission of records related to a list of 262 claims and other business records.  The Assessment Letter further provided that Guidehouse, a HRSA contracted firm, would be performing the Assessment and identified Karen Gudio of Guidehouse as Crestview's contact person. The Assessment Letter, however, does not describe HRSA's assessment process including how and when it will provide findings to the provider nor does it identify any rebuttal or appeal process.

30.     Crestview promptly complied with all HRSA information requests related to the Assessment and provided all requested records by May 2022. At that time, HRSA's auditors confirmed to Crestview that HRSA had all required information.

31.     On July 13, 2023, HRSA's Lead Auditor on the Assessment, Jami Jeffrey, CIA, advised Crestview that it would notify it of the results of the Assessment in approximately September 2022.

/ / /

32. On July 26, 2022, when questioned about whether the Assessment might resolve the reversed payments, Jami Jeffrey, CIA, stated that the Assessment was a separate issue from the reversed payments due and owing to Crestview. While Crestview made numerous repeated attempts thereafter to reach out to HRSA and its auditors for further information regarding the status of the Assessment and the basis for withholding Crestview's COVID-19 Uninsured Program Payments and the expected release date, HRSA and its auditors have failed and refused to respond to Crestview.

33. On November 18, 2022, Crestview reached out to Stephanie Sowalsky, CPA, Program Integrity Branch Chief, Rebecca Desrocher, Director of Program Integrity and Jami Jeffrey, PRB Assessment Liaison regarding the status of the Assessment, explaining the significant financial hardship caused by the unsupported retention of Crestview's COVID-19 Uninsured Program Payments.

34. On March 3, 2023, HRSA responded to the November 18, 2022 letter, with a general e-mail notifying Crestview that the Assessment was ongoing and, once complete, the payment pause status would be reviewed.

35. As of the date of this Complaint, HRSA has not provided any Assessment findings nor has it paid the wrongfully recouped and/or withheld COVID-19 Uninsured Program Payments to Crestview.

**FIRST CAUSE OF ACTION**

**(Relief Under the Mandamus Act)**

36. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37. The Mandamus Act, 28 U.S.C. 1361, vests District Courts with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff.

/ / /

38. Defendants had a clear, indisputable and non-discretionary duty to provide proper notice to Crestview of the grounds for its reversal of payments and withholding of Crestview's COVID-19 Uninsured Program Payments due and owing to it.

39. Defendants have breached their duties by wrongfully preventing Crestview from submitting approximately $5 million in UnitedHealth Approved Claims.

40. The decision to retain Crestview's COVID-19 Uninsured Program Payments without explanation, notice, or recourse for over 18 months has resulted in significant and irreparable financial harm to Crestview and, absent mandamus, Crestview has no other adequate remedy and, as such, is entitled to an order compelling Defendants to issue the Assessment Findings ,and release and pay Crestview the COVID-19 Uninsured Program Payments which have been improperly and unjustly retained by them.

## SECOND CAUSE OF ACTION
## (APA – 5 USC Section 706(1))

41. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42. HRSA issued the Assessment Letter in April of 2022 and Crestview promptly responded to the request for claims data and other information providing all requested information by May of 2022. Shortly thereafter, HRSA acknowledged it had all information necessary and estimated it would issue the findings by September 2022.

43. HRSA has unreasonably delayed issuance of the Assessment findings and wrongfully prevented Crestview from submitting approximately $5 million in UnitedHealth Approved Claims prior to the Claims Cut-Off Date. Further, Defendants have taken separate and unrelated action to wrongfully recoup and/or withhold Crestview's COVID-19 Uninsured Program Payments without legal support or notice

to Crestview.

44. Based on Defendants' unreasonable delay to issue the Assessment findings and unlawful retention of COVID-19 Uninsured Program Payments, Crestview is entitled to an order compelling Defendants to immediately issue the Assessment findings and release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

### THIRD CAUSE OF ACTION

### (APA – 5 USC Section 706(2)(B))

45. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants unjustly recouped and/or withheld the COVID-19 Uninsured Program Payments without providing Crestview with notice and/or opportunity to object to such actions in violation of Crestview's due process rights under the U.S. Constitution.

47. HRSA confirmed that the recoupments, which occurred prior its issuance of the Assessment Letter to Crestview, are not in any way related to the Assessment. Consequently, the delayed issuance of the Assessment findings cannot be a basis to withhold Crestview's COVID-19 Uninsured Program Payments.

48. In March of 2022, months after HRSA had recouped and withheld Crestview's COVID-19 Uninsured Program Payments, HRSA notified providers that it ceased accepting COVID-19 claims for payment of testing services as of 11:59 p.m. on March 22, 2022. Consequently, the Claims Cut-Off Date cannot be a basis to withhold Crestview's COVID-19 Uninsured Program Payments.

49. Defendants actions in recouping and withholding the COVID-19 Uninsured Program Payments without notice or opportunity to object is contrary to its Constitutional rights such that Crestview is entitled to an order compelling Defendants to immediately release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

**FOURTH CAUSE OF ACTION**

**(APA- 5 USC Section 706(2)(C))**

50. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51. Defendants' actions to recoup and/or withhold Crestview's COVID-19 Uninsured Program Payments were made without explanation, legal support, notice to Crestview or any opportunity for Crestview to object. As such, Defendants' actions were made in excess of statutory jurisdiction, authority or limitations or short of statutory right.

52. Crestview is entitled to an order compelling Defendants to immediately release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

**FIFTH CAUSE OF ACTION**

**(Violation of Due Process)**

53. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54. The Fifth Amendment to the Constitution of the United States requires due process prior to depriving Crestview of, and retaining, over $64 million in reimbursement due to it for COVID-19 testing services furnished and billed prior to the Claims Cut-Off Date.

55. Defendants' actions to withhold Crestview's COVID-19 Uninsured Program Payments for over 18 months without explanation, notice or appeal rights constitute actions taken in violation of Crestview's rights to due process under the United States Constitution and are unlawful.

56. Crestview is entitled to an order requiring Defendants to immediately release and pay to Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

/ / /

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

57. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 56 above as if fully set forth herein.

58. Crestview is entitled to declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Section 2201.

59. Crestview contends that Defendants' actions to delay the Assessment findings and wrongfully retain Crestview's COVID-19 Uninsured Program Payments were made without statutory jurisdiction or authority and in violation of Crestview's due process rights. Crestview is informed and believes that Defendants dispute this contention.

60. For the reasons set forth above, Crestview is entitled to a judicial declaration that Defendants' actions to delay the Assessment findings and reverse and/or retain Crestview's COVID-19 Uninsured Program Payments are invalid and unenforceable and as such, Defendants must immediately release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

## SEVENTH CAUSE OF ACTION

### (Relief Under the Mandamus Act)

61. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62. The Mandamus Act, 28 U.S.C. 1361, vests District Courts with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff.

63. Defendants had a clear, indisputable and non-discretionary duty to adjudicate the UnitedHealth Approved Claims submitted prior to the Claims Cut-Off Date.

/ / /

130511-00000007/6969358.11

64. Defendants have breached their duties by wrongfully preventing Crestview from submitting approximately $5 million in UnitedHealth Approved Claims.

65. The decision to prevent Crestview's submission of the UnitedHealth Approved Claims have resulted in significant and irreparable financial harm to Crestview and, absent mandamus, Crestview has no other adequate remedy and, as such, is entitled to an order compelling Defendants to adjudicate the UnitedHealth Approved Claims.

**EIGHTH CAUSE OF ACTION**

**(APA – 5 USC Section 706(1))**

66. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

67. HRSA has wrongfully prevented Crestview from submitting approximately $5 million in UnitedHealth Approved Claims prior to the Claims Cut-Off Date..

68. Based on Defendants' unlawful retention of COVID-19 Uninsured Program Payments, Crestview is entitled to an order compelling Defendants to immediately release and pay Crestview for the wrongfully withheld UnitedHealth Approved Claims.

**NINTH CAUSE OF ACTION**

**(APA – 5 USC Section 706(2)(B))**

69. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 68 above as if fully set forth herein.

70. Defendants unjustly failed to pay Crestview the UnitedHealth Approved Claims timely submitted prior to the Claims Cut-Off Date without providing Crestview with notice and/or opportunity to object to such actions in violation of Crestview's due process rights under the U.S. Constitution.

///

71. Defendants failure to pay Crestview for the United Health Approved Claims that were timely submitted prior to the Claims Cut-Off Date without providing Crestview with notice or opportunity to object is contrary to its Constitutional rights such that Crestview is entitled to an order compelling Defendants to immediately pay Crestview for the wrongfully withheld UnitedHealth Approved Claims.

### TENTH CAUSE OF ACTION
### (APA- 5 USC Section 706(2)(C))

72. Crestview realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 71 above as if fully set forth herein.

73. Defendants' failure to pay Crestview the UnitedHealth Approved Claims that were timely submitted prior to the Claims Cut-Off Date were made without explanation, legal support, notice to Crestview or any opportunity for Crestview to object. As such, Defendants' actions were made in excess of statutory jurisdiction, authority or limitations or short of statutory right.

74. Crestview is entitled to an order compelling Defendants to immediately pay Crestview for the wrongfully withheld UnitedHealth Approved Claims.

### ELEVENTH CAUSE OF ACTION
### (Violation of Due Process)

75. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 74 above as if fully set forth herein.

76. The Fifth Amendment to the Constitution of the United States requires due process prior to depriving Crestview of, and retaining, over $5 million in reimbursement due to it for COVID-19 testing services furnished, billed and approved by UnitedHealth prior to the Claims Cut-Off Date.

77. Defendants' failure to pay Crestview for the UnitedHealth Approved Claims Payments for over 18 months without explanation, notice or appeal rights constitute actions taken in violation of Crestview's rights to due process under the United States Constitution and is unlawful.

78. Crestview is entitled to an order requiring Defendants to immediately pay to Crestview for the wrongfully withheld UnitedHealth Approved Claims.

## TWELFTH CAUSE OF ACTION

### (Declaratory Relief)

79. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

80. Crestview is entitled to declaratory relief under the Declaratory Judgment Act, 28 U.S.C. Section 2201.

81. Crestview contends that Defendants' actions to fail to pay Crestview for the UnitedHealth Approved Claims and to retain such funds were made without statutory jurisdiction or authority and in violation of Crestview's due process rights.

82. For the reasons set forth above, Crestview is entitled to a judicial declaration that Defendants' actions to fail to pay to Crestview for the UnitedHealth Approved Claims and retain such funds are invalid and unenforceable and as such, Defendants must immediately release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments.

## THIRTEENTH CAUSE OF ACTION

### (Injunctive Relief)

83. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 82 above as if fully set forth herein.

84. Crestview has suffered irreparable financial harm based on Defendants' wrongful reversal and/or retention of the COVID-19 Uninsured Program Payments including, but not limited to, forcing it to lay-off almost its entire workforce as of March 2022 and having insufficient funds to pay subcontractors that furnished COVID-19 testing-related services. Crestview will suffer further irreparable harm in the absence of an injunction requiring Defendants' to immediately disgorge and pay to Crestview the COVID-19 Uninsured Program Payments.

/ / /

85. HRSA did not commence the Assessment until after it wrongfully reversed and retained Crestview's COVID-19 Uninsured Program Payments. Moreover, HRSA has not provided any Assessment findings as of this date. HRSA has confirmed that the reversal and retention of Crestview's COVID-19 Uninsured Program Payments is unrelated to the Assessment. HRSA does not have, nor has it provided notice of, any legal grounds to reverse and/or retain Crestview's COVID-19 Uninsured Program Payments.

86. The preliminary injunction is in the public interest in that disgorgement and payment of the improperly retained COVID-19 Uninsured Program Payments to Crestview will provide financial support to a vital health care provider that furnishes needed laboratory services in order to continue its business operations and potentially prevent financial demise.

87. Crestview is entitled to a preliminary injunction ordering Defendants to immediately release and pay to Crestview the COVID-19 Uninsured Program Payments and pay Crestview over $5 million for the UnitedHealth Approved Claims.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. A Writ of mandamus directing Defendants to immediately (a) issue the unreasonably delayed Assessment findings; (b) accept and adjudicate the UnitedHealth Approved Claims; and (c) release and pay Crestview the unlawfully withheld COVID-19 Uninsured Program Payments.

2. A judicial declaration compelling Defendants to immediately issue the unreasonably delayed Assessment findings; release and pay Crestview the unlawfully withheld COVID-19 Uninsured Program Payments and accept and adjudicate the UnitedHealth Approved Claims in accordance with Administrative Procedures Act, 5 USC § 706(1)).

3. A judicial declaration compelling Defendants to immediately release and pay Crestview the COVID-19 Uninsured Program Payments and adjudicate and pay

Crestview for the UnitedHealth Approved Claims withheld in violation of Crestview's Constitutional rights in accordance with Administrative Procedures Act, 5 USC § 706(2)(B)).

4. A judicial declaration that Defendants' recoupment and withholding of COVID-19 Uninsured Program Payments from Crestview failure to pay Crestview the UnitedHealth Approved Claims were in excess of Defendants' statutory jurisdiction, authority or limitations or short of a statutory right in accordance with Administrative Procedures Act, 5 USC § 706(2)(C)).

5. A judicial declaration that Defendants' retention of Crestview's COVID-19 Uninsured Payments and failure to pay Crestview the UnitedHealth Approved Claims has caused Crestview extreme financial hardship without due process of law in violation of the U.S. Constitution and, as such, HRSA shall immediately release and pay Crestview the unlawfully withheld COVID-19 Uninsured Program Payments and adjudicate and pay Crestview for the UnitedHealth Approved Claims.

6. A judicial declaration that Defendants' actions to delay the Assessment Findings, reverse and/or retain Crestview's COVID-19 Uninsured Program Payments, and failure to adjudicate and pay Crestview for the UnitedHealth Approved Claims are invalid and unenforceable actions and as such, Defendants must immediately release and pay Crestview the wrongfully withheld COVID-19 Uninsured Program Payments and adjudicate and pay Crestview for the UnitedHealth Approved Claims;

7. A preliminary and permanent injunction requiring Defendants to immediately release and pay Crestview the unlawfully withheld COVID-19 Uninsured Program Payments and adjudicate and pay Crestview for the UnitedHealth Approved Claims;

8. Reasonable attorneys' fees, expenses and costs pursuant to 28 USC § 2412(d)(1)(A); and

9. For such other and further relief as the court may deem just and proper.

///

| | | |
|---|---|---|
| 1 | DATED: October 10, 2023 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| 2 | | |
| 3 | | By: */s/ Elaine F. Harwell* |
| 4 | | Elaine F. Harwell |
| | | Diane M. Racicot |
| 5 | | David W. Gouzoules |
| | | Attorneys for Plaintiff |
| 6 | | Crestview Clinical Laboratory, LLC |

19